Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Facsimile: (619) 233-3221

Attorneys for Plaintiff
Maurice Peter Eunice

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PETER EUNICE, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1-50, INCLUSIVE<br><br>Defendants. | Case No. **'13CV0009 H    NLS**<br><br>**COMPLAINT**<br><br>(1) Intentional Infliction of Emotional Distress<br><br>(2) Negligence<br><br>(3) Trespass to Land<br><br>(4) Private Nuisance<br><br>(5) California Civil Code § 52.1 |

1   COMES NOW, MAURICE PETER EUNICE, by and through his attorneys of record, and
2   alleges and complains as follows:

## I. INTRODUCTION

Plaintiff Maurice Peter Eunice (Pete Eunice) owns a number of commercial and residential properties in California, including buildings in El Cajon, that have been leased to the Hells Angels Motorcycle Club for many years. On August 2, 2011, agents of the Drug Enforcement Administration (DEA) and local police departments went to his properties to execute a search warrant on some of the people who leased the properties. These law enforcement officers used explosives to blast open the doors and windows, causing extensive damage to the properties. It can be seen here:

http://www.youtube.com/watch?v=Em7roab31Wk&feature=related.   These agents had invited the media to watch and film the explosions. The agents knew that there was no one inside the buildings and that there were no exigent circumstances. At the time the agents decided to use explosives to blow open these doors and windows, they had Mr. Eunice's contact information. These agents did not contact Mr. Eunice to get his keys. They called Mr. Eunice <u>after</u> the explosions to let him know to come to the property and served him with a copy of the warrant.

## II. PROCEDURAL HISTORY

Plaintiff filed a complaint on June 29, 2012 against the United States and its individual officers in Case Number 12-CV-1635-WQH-BGS under *Bivens* and FTCA causes of action. At the time, the claims under the Federal Tort Claims Act were premature. Plaintiff dismissed the FTCA causes of action in order to refile. The United States has certified that the individually named defendants in 12-CV-1635-WQH-BGS were employees of the government. Plaintiff brings the present suit as against the United States only under FTCA and will move to

consolidate the two cases.

## III.
## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 (Federal Question) and in), et. seq. (United States as Defendant).

2. Plaintiff's claims under 28 U.S.C. §§ 1346, and 2671-2680 (Federal Tort Claims Act) were timely filed on January 17, 2012. The claims are deemed denied by operation of law.

3. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

4. At all times relevant to this complaint, Plaintiff was an individual residing in San Diego County, California.

5. At all times relevant to this complaint, the Drug Enforcement Agency (DEA) was a federal agency of defendant UNITED STATES OF AMERICA and was operating in San Diego County, California.

6. At all times relevant to this complaint, PATRICK RYAN, PATRICK KELLY, MIKE MERVOS, and BETHANY WATROUS were agents with the DEA.

7. At all times relevant to this complaint, STEVE M. KINGKADE was a task force officer for the San Diego Narcotics Task Force and cross-designated as a federal law enforcement officer.

8. At all times relevant to this complaint, Defendants DOES 1-50 were agents of the DEA. At all times relevant hereto, these defendants were acting in their professional capacity as DEA agents.

9. Agents were present to execute a warrant obtained by the DEA.

10. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants participated in the destruction of Mr. Eunice's property.

11. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 50, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

12. Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants were agents, servants and employees of each of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants. Each of the defendants had approved or ratified the actions of the other defendants, thereby making the currently named defendants liable for the acts and/or omissions of their agents, servants and/or employees.

13. Pursuant to 28 USC § 2679, the United States has certified that Agents Ryan, Kelly, Mervos, Watrous, Kingkade were acting within the scope of their office or employment at the time of the incident out of which the claim arose, thus this civil action is against the United States as the party defendant.

**FACTS**

14. Plaintiff Pete Eunice was born in Norwich, England, a town that coincidentally suffered extensive bomb damage during World War II.

15. Mr. Eunice served four years in the British army where he had the opportunity to travel the world.

16. Mr. Eunice came to the United States in 1974, fell in love with this country, and never looked back. Mr. Eunice settled down in San Diego County and began investing

4

1  successfully in real estate.

2      17.    Mr. Eunice purchased vacant lots, subdivided them, developed and sold properties.

    18.    Mr. Eunice also owned an auto repair shop and began collecting antique motorcycles. Mr. Eunice was an avid motorcycle collector and enthusiast.

    19.    In 1995, Mr. Eunice purchased the properties at 419/421/423 El Cajon Blvd. in El Cajon, California. At the time of the purchase, there was a taco shop that leased the property.

    20.    For the first year after purchase, Mr. Eunice rented the property to the taco shop, until the business expanded and moved out.

    21.    In 1996, Mr. Eunice began leasing the properties to the Hells Angels Motorcycle Club, which used it as their clubhouse.

    22.    On August 2, 2011, Patrick Ryan of the Drug Enforcement Administration obtained a warrant to search the properties belonging to Mr. Eunice. There was a DEA investigation into Mr. Eunice's tenants.

    23.    The DEA agents went to the properties with El Cajon and La Mesa police officers.

    24.    At the time that the agents blew up the doors and windows to his property, they knew that Mr. Eunice owned these properties. These agents knew Mr. Eunice's contact information and they knew how to obtain the keys to the properties.

    25.    Agents knew that there were no tenants inside the building. They did not contact Mr. Eunice. They instead contacted members of the media and multiple media outlets came to the properties.

    26.    Instead of contacting Mr. Eunice, they blew up the doors and windows using multiple explosives.

    27.    These agents knew that there was no reason to blow up Mr. Eunice's property.

1  They acted out of malice in order to intimidate Mr. Eunice.

2  28.  These agents held animus and ill will toward members of the Hells Angels.  They wanted to punish, deter and intimidate Mr. Eunice who leased his properties to the Hells Angels to use as their club house.

29.  Mr. Eunice had a due process right to be free from the arbitrary exercise of the powers of government.  These agents including Doe defendants made a deliberate decision to deprive Mr. Eunice of his property.

30.  After they caused explosions and a fire at the property, causing extensive damage to the frame and foundation of the buildings, Patrick Ryan called Mr. Eunice to let him know that he should come out to the property.

31.  The explosion was of such magnitude that the City had to shut off the main pipes that run deep beneath the properties due to the damage to the pipes and water leaks.

32.  Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants knew that three-year old dog Molly, was in the courtyard of the properties.   They knew that using explosives would frighten the dog and cause physical harm to her.

33.  After the explosions, these agents let Molly out of the property and out into traffic on El Cajon Boulevard.

34.  After agents gained entry into the properties, they continued their destruction by smashing windows and throwing the photographs off of the walls and stepping on the faces of the people depicted in the photographs.

35.  When Mr. Eunice arrived on his properties, he was met with six to nine law enforcement officers around the perimeter.  Two officers carrying AR-15s and other law enforcement officials kept him outside for approximately thirty to forty minutes as they continued their destruction inside the properties.

6

36. Patrick Ryan handed Mr. Eunice a copy of the warrant. Agents told Mr. Eunice that they were turning the building over to him to deal with the destruction.

37. These acts were done in deliberate indifference to the rights of Mr. Eunice. Defendants abused their power entrusted to them to execute a warrant by intentionally destroying Plaintiff's properties.

**FIRST CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

38. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

39. By engaging in the acts alleged herein, Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

40. These agents blew up parts of Plaintiff's properties when there was no need to cause such destruction. The use of the explosives caused substantial damage.

41. The use of the explosives caused a fire to ignite inside the property.

42. The explosion caused damage to the building interior, where parts of the floors were blown off.

43. Once inside, agents continued to break windows, took photographs off of the walls, threw them on the ground and stomped on them.

44. Agents forced a dog to suffer fear needlessly by placing the explosives near the courtyard where the dog lived, causing her physical harm. They allowed Molly to run out into a busy street.

45. Agents called the media to further show their authority and to intimidate and humiliate Mr. Eunice.

46. These acts were done with the purpose to punish Mr. Eunice for leasing his property to the Hells Angels.

47. After they blew up and set fire to parts of the building, agents called Mr. Eunice to the property so that they could exert their authority over him.

48. Their acts of violence were directed at Mr. Eunice and intended to intimidate and frighten Plaintiff.

49. Under the Federal Tort Claims Act, the United States is the Proper defendant for this cause of action.

50. As a direct, proximate and foreseeable result, Mr. Eunice suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

**SECOND CAUSE OF ACTION[**
**(Negligence)**

51. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

52. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury.

53. Using explosives to blow up doors and windows to unoccupied buildings falls below the duty of care.

54. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants failed to consider less intrusive and less destructive ways to enter Mr. Eunice's property.

55. These agents were aware that there was a dog on the property. They took no steps to ensure the safety of Molly by contacting animal control. After the explosions, Defendants opened the door and let Molly out of the property into the streets.

56. By engaging in the acts alleged herein, Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants failed to act with ordinary care and breached their duty of care

owed to Pete Eunice.

57. Under the Federal Tort Claims Act, the United States is the proper defendant for this cause of action.

58. As a direct, proximate and foreseeable result of the agents' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION[**
**(Trespass to Land)**
**[Against Defendants United States and Does 1 to 50]**

59. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

60. Plaintiff owned the properties located at 419/421/423 El Cajon Blvd. in El Cajon, California.

61. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants intentionally, recklessly or negligently entered Plaintiff's properties.

62. Plaintiff did not give permission for the entry.

63. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants destroyed the doors, windows, and flooring of the properties by using explosives to blast the doors open.

64. The explosion caused damage to the walls, the structure of the buildings, and personal property inside the buildings.

65. The structural damage to the buildings coupled with the destruction of the interior floors and walls make the building unusable.

66. The explosion caused damage to the water pipes buried below ground causing substantial leaks. Water had to be cut off to prevent further damage and the skyrocketing water bill.

67. The intrusiveness of the trespass far outweighed the law enforcement interest in

1  being on the property.

2      68.    Mr. Eunice was harmed as a result in an amount to be determined by a jury.

3      69.    Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants' conduct was a substantial factor in causing plaintiff's harm.

    70.    Under the Federal Tort Claims Act, the United States is the Proper defendant for this cause of action.

## FOURTH CAUSE OF ACTION[
### (Private Nuisance)

    71.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

    72.    Plaintiff owned the properties located at 419/421/423 El Cajon Blvd. in El Cajon, California.

    73.    Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants created a condition that was harmful to health, offensive to the senses and was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property.

    74.    The condition interfered with Plaintiff's use or enjoyment of his land.

    75.    Plaintiff did not consent to Defendants' conduct.

    76.    An ordinary person would be reasonably annoyed or disturbed by Defendants' conduct.

    77.    Mr. Eunice was harmed and Defendants' conduct was a substantial factor in causing Mr. Eunice's harm.

    78.    The seriousness of the harm outweighs the public benefit of Defendants' conduct.

    79.    Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE Defendants' conduct

was unreasonable and therefore unprivileged under the warrant.

80. Under the Federal Tort Claims Act, the United States is the Proper defendant for this cause of action.

## FIFTH CAUSE OF ACTION
### (Violation of the Bane Act, California Civil Code 52.1)

81. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

82. Plaintiff Pete Eunice had a firmly established right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution. He had these same rights under the State Constitution of California.

83. The California Legislature has declared that it violates the state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

84. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants intimidated Mr. Eunice by using explosives that caused extensive damage to the properties and the water pipes that run underneath the structure.

85. After agents gained entry into the properties, they continued their destruction by smashing out windows and throwing the photographs off of the walls and stepping on the faces of the people depicted in the photographs.

86. Agents Ryan, Kelly, Mervos, Watrous, Kingkade and DOE defendants intimidated and coerced Mr. Eunice by causing so much damage that the buildings can no longer be used.

87.     After the forced entry into the buildings, agents called Mr. Eunice to the scene. When Mr. Eunice arrived at his properties, he witnessed the massive destruction while armed law enforcement agents surrounded the perimeter.

88.     Agents called Mr. Eunice to the properties so that they could intimidate him.

89.     This interference with Plaintiff's rights was perpetrated by the defendants in violation of Section 52.1 and his rights under the Fourth Amendment.

90.     Due to the violation of Plaintiff's rights, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, repair expenses and fear caused by the acts complained of herein according to proof at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.     For general and special damages according to proof at the time of trial;

2.     For injunctive or declaratory relief this Court deems just and proper, including an injunction requiring the institution of appropriate supervision and prohibition of unnecessary destruction of property.

Dated:   January 2, 2013                                                          Respectfully submitted,

                                                                                                  /s/  Julia Yoo
                                                                                                  EUGENE G. IREDALE
                                                                                                  JULIA YOO
                                                                                                  105 West F St., Fourth Floor
                                                                                                  San Diego, CA 92101
                                                                                                  (619) 233-1525
                                                                                                  Attorneys for Plaintiff